## PROVIDENCE.

THEODORE G. SULLIVAN *et al. vs.* ANDREW CHAMBERS *et als.*

A deed expressed to be in consideration of one dollar "paid by Isabella Chambers Margaret Chambers Trustee" by which realty was conveyed to "the said Isabella Chambers Margaret Chambers Trustee her heirs and assigns forever," and by the terms of which no duties were required of the trustee, is to be construed as a deed to Margaret Chambers, as trustee for Isabella Chambers, upon the delivery of which the title to the realty vested, under the statute of uses, in Isabella Chambers.

Where the only defect in a conveyance of land consists in an ambiguous or insufficient certificate of acknowledgment, and the grantor refuses to acknowledge or reacknowledge the deed, an adequate remedy is afforded by Pub. Stat. R. I. cap. 173, §§ 6, 7, and there is no occasion for equitable relief.

BILL IN EQUITY to perfect title to real estate. On demurrer.

The Mechanics Savings Bank by a deed expressed to be "in consideration of the sum of one dollar to it paid by Isabella Chambers Margaret Chambers Trustee," conveyed its interest in certain land to "the said Isabella Chambers Margaret Chambers Trustee her heirs and assigns forever." Subsequently, a partition of the land was made by a deed to which "Isabella Chambers Margaret Chambers trustee" was a party. The deed was executed by Isabella Chambers and also by Margaret Chambers as trustee, but the certificate of acknowledgment read that "personally appeared the above named Isabella Chambers Margaret Chambers Trustee and acknowledged the above instrument by her signed to be her free act and deed." The complainants who derive title under the partition deed bring this bill to obtain a sufficient deed by reformation or otherwise.

*February* 8, 1895.   PER CURIAM.   We are of the opinion that the deed from the Mechanics Savings Bank to Isabella

Chambers Margaret Chambers Trustee, is to be construed as a deed to Margaret Chambers as trustee for Isabella Chambers, and that there being no duties required of the trustee by the terms of the conveyance, the title to the real estate described in the deed vested under the statute of uses, on the delivery of the deed, in the said Isabella. The subsequent partition deed, dated October 6, 1883, between Bessie G. Bowen, William A. Tucker and Holden B. Bowen trustees, and the said Isabella Chambers Margaret Chambers trustee, was duly executed by Isabella, though from the form in which the certificate of acknowledgment is written it is impossible to determine whether it was acknowledged by her or by Margaret Chambers, trustee, who also executed the deed. This being the condition of the title as disclosed by the record, all that is necessary to cure the defect is the acknowledgment or reacknowledgment of the partition deed by said Isabella. This can be obtained by the complainants, if she refuses to make it voluntarily, under the provisions of Pub. Stat. R. I. cap. 173, §§ 6, 7.[1]  We see no occasion, therefore, for the relief prayed by the bill.

*James Tillinghast, Frank S. Arnold, Edwin D. McGuinness & John Doran,* for different complainants.

*Edward D. Bassett & Edward L. Mitchell,* for respondents.

---

[1] As follows :

Sec. 6. If the grantor of any lands, tenements or hereditaments shall refuse to acknowledge his deed or conveyance by him signed, sealed and delivered, being thereunto required by the grantee, his heirs or assigns, any judge or trial justice within the town where the grantor dwells, on complaint in writing made by the grantee, his heirs or assigns, and supported by the oath of the complainant, may issue a warrant against the party refusing and examine him touching such refusal, and, if he shall persist in such refusal, commit him to prison without bail until he shall acknowledge the same, unless he shall appeal to the supreme court at the term thereof next to be holden in and for the county in which such examination shall be had.

Sec. 7. In case of such appeal, the appellant shall give bond with surety for his appearance and for the prosecution of his appeal with effect, and the grantee may file a copy of his deed in the town clerk's office, pending such appeal, and the same being so filed shall be equally available to the party during the pendency of such appeal as if the said deed were acknowledged and recorded as above directed, and the same shall be accounted sufficient caution to all persons against purchasing the estate in such deed mentioned to be conveyed.